Curia, per
Butler, J.
This case, according to the legal character and purport of the paper sued on, must be regarded as a contest between the original parties to it. That is, the intermediate holders have acquired no higher rights, nor should they occupy any better position, than the original payee. The defendant has a right to- regard himself as engaged in a contest with Hodges alone. The main difficulty arises out of the consideration of the single bill. It was given for a tract of land to which the vendee alleges the vendor had no legal title, at the time of sale. The vendee did not pretend to show, on the trial, that there was a subsisting paramount title in a third person to this land, except by inference from the fact, that plaintiff had no legal title in himself at the time. The plea alleges, if I recollect correctly, that plaintiff had held the land under a bond to make titles, from one Wetherall. So that we are left to conclude, that although the vendor was not vested with a strictly legal title, he, nevertheless, had a good equitable title, which was capable of being converted into a legal right, and by which, at least, he could fortify the actual possession against any outstanding interest of another. The actual possession, and the equitable right of possession, must be regarded as in the vendee at the time of sale. And the question then arises, has the vendee a right to redress, whilst he is in the quiet enjoyment of the land under his purchase, without showing a subsisting paramount title in another, that could be asserted to the prejudice of his possession, or to that of the vendor %
A subsisting and acknowledged title in another, with a right of possession under it, might be regarded, according to our decisions, as a breach of the covenant of seizin implied in a general warranty of title. But where the vendee does not show that he is in danger of eviction, but, on the contrary, that his possession may never be disturbed, a breach of the covenant of seizin should not be implied. In the cases of Sumter vs. Welch, and Furman vs. Elmore, *124 the doctrine is recognized and maintained, in conformity with previous decisions, (though the origin of such decisions' could not be traced to the principles of English jurisprudence, and is hardly reconcilable with the course of proceeding under the civil law,) that a general warranty of title implies a warranty of seizin; and that an action could be brought for a breach of covenant, as in the sale of personal chattels, before eviction or actual disturbance. But, in both of those cases, an acknowledged subsisting title in another was shown to exist, either as to the whole of the land or a part. When the whole of the lánd is taken away by a good paramount title, there is an entire failure of consideration, and the vendee, in such case, could have an adequate remedy at law , as he would show that a stranger, and not the vendor, would be entitled to all the rents and profits, as well as the land itself.
Where part of the land is taken away by such a title, it may become important to inquire whether it is such a material part as entirely to defeat the object of the purchase, and therefore to call for a rescission of the contract; or only such a part as will not materially interfere with the objects of the vendee’s purchase. This distietion depends somewhat upon the principles laid down in the subsequent cases of Carter vs. Carter, Cave vs. Bordeaux, Westbrook vs. McMullan, and Johnson vs. Purvis, (the first three to be found in 1 Bail, pp. 250, 217, 259; and the last in 1 Hill, 322.) Where the vendee is deprived of an immaterial part of his purchase, by a paramount title, he can have as adequate redress at law, as if he had been deprived of the whole purchase by paramount title to the whole tract. One would be a partial, and the other a total, failure of consideration. I will illustrate these positions by supposed cases. If A were to sell to B a tract of land, to which C had an unquestionable title, B could recover damages to compensate himself for his loss, in an action for the breach of the covenant, upon the ground that there had been an entire failure of consideration. In the other case, if B were to show that C had taken off a small part of the land, which did not.defeat the object of the purchase, as in the sale of a tract of 1,000 acres of swamp and high land, C should take off 200 acres of the high land, here would be a partial failure, *125 only, of consideration, for which B could have adequate compensation, by an exact computation of his loss; and this could be done without any rescisión of the contract, or such a failure of consideration as would require, in justice, a rescisión of the contract. But suppose C’s title to take off 600 acres of the planting land, which , in effect would defeat the entire object of the purchase, and call for a recision of the contract. Here the courts of law could not do adequate justice, as they could not take an account of the rents and profits, or order a reconveyance to A. They could not restore the parties to fheir original position. That could be alone done in a court of equity. So, also, would be the case of a purchaser who shows that the vendor sold to him, having only an equitable title at the time of the sale, and that he is therefore in danger of being disturbed in his possession by the outstanding title of a third person. This would be something like a proceeding quia timei, and not cognizable in a court of law. The case before the court is one of that kind, and cannot well be distinguished from the case of Johnson and Purvis. In that case the vendor had a good equitable title, and the vendee was in no danger of being disturbed in his possession. Although a technical legal estate may be in a third person, it does not follow that it is a better title than that of one in possession, undet an equitable right, and which may be perfected at any time the party holding it may choose. A right that cannot be enforced can hardly interfere with one that can be made perfect at any time.
The defendant, in the case before the court, has not shown in whom the strict legal title to the tract of land is vested; but he has shown that his vendor may have a good equitable title. The one is capable of being perfected, whilst the other might never be asserted to the prejudice of defendant’s possession. Under these circumstances, justice dictates that the defendant should not enjoy the benefits of his purchase, by appropriating to himself the rents and profits of the land, which he may never have to pay to a stranger, and which he should not be permitted to withhold from the plaintiff, under whose title he has acquired his gains. If he feels himself insecure in his possession, let him file a bill in the court of equity against the *126 plaintiff, requiring him to perfect the title. So far, then, as it regards the consideration of the single bill, we thinfr the verdict and the instructions of the Judge below were right, and that the verdict, to that extent, cannot be disturbed.
But we think the defendant was entitled to his discount, to the amount of the note of $145 and interest. This action is brought by Hodges on a paper payable to himself, and as such, must be liable to all the discounts against it by the party executing it; although, in conscience, Rosamond ought to have the benefit of the paper freed from any such demand, as he took it like a demand payable to himself. At the time, however, he received the paper, he could have secured this advantage by making it payable to himself; but, having failed to do so, he and those claiming under him must take and hold the single bill, subject to all the legal disadvantages incident to it. With a view of attaining the judgment of the court, a new trial is granted, nisi ; that is, unless the plaintiff will give credit to the defendant for the amount of the note and interest.
Richardson, O’Neall, Evans, and Earle, JJ., concurred.
Wardlaw, J., having been of counsel, gave no opinion.